OPINION
{¶ 1} Defendant-appellant, Steven Miller, appeals the decision of the Clinton County Court of Common Pleas sentencing him to three consecutive three-year prison terms for his convictions on three counts of rape. We affirm the common pleas court's decision.
 {¶ 2} In April 2002, appellant was indicted on 13 counts of rape in violation of R.C. 2907.02. The indictment stemmed from appellant's alleged sexual conduct with three children under the age of 13. Appellant initially entered a plea of "not guilty by reason of insanity" to all the charges. However, in May 2002, appellant changed his plea to "not guilty."
 {¶ 3} Appellant subsequently filed a motion to suppress statements he had made, which the common pleas court denied in November 2002. Appellant then entered a plea of "guilty" to three counts of rape. The court accepted appellant's guilty plea and convicted him of three counts of rape. The court dismissed the remaining counts in the indictment.
 {¶ 4} In January 2003, the common pleas court sentenced appellant to three consecutive three-year prison terms. The court also determined, after a hearing, that appellant was a "sexually oriented offender."
 {¶ 5} Appellant now appeals the common pleas court's sentencing decision, assigning one error as follows:
 {¶ 6} "The trial court erred by ordering consecutive sentences without furnishing adequate reasons for the court's findings, as required by O.R.C. 2929.14(E)."
 {¶ 7} In this assignment of error, appellant argues that the common pleas court failed to provide adequate reasons for imposing consecutive sentences. According to appellant, we should either modify his sentence to run concurrently or, in the alternative, remand the case for resentencing.
 {¶ 8} Before imposing consecutive sentences, R.C. 2929.14(E)(4) requires the sentencing court to make three findings. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find one of the following:
 {¶ 9} (1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under sanction pursuant to R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18, or was under post-release control for a prior offense.
 {¶ 10} (2) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct.
 {¶ 11} (3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 12} R.C. 2929.19(B)(2)(c) requires the sentencing court to give its reasons for imposing consecutive sentences. Additionally, the sentencing court must make the required findings and give reasons for the findings on the record at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 13} It is clear that the common pleas court made the required findings before imposing consecutive sentences pursuant to R.C.2929.14(E)(4). The court made the required findings on the record at the sentencing hearing in accordance with Comer. However, appellant argues that the court did not adequately give reasons for its findings. Specifically, appellant argues that appellant did not give its reasons for finding that R.C. 2929.14(E)(4)(b) applied to the case. According to appellant, the court did not state sufficient reasons why the harm caused by appellant's offenses was so great or unusual that no single prison term for any of the offenses adequately reflected the seriousness of appellant's conduct.
 {¶ 14} We first note that the common pleas court's sentencing decision was very thorough. At the sentencing hearing, the court took great care in explaining the sentencing procedure and the factors the legislature required it to consider. Prior to issuing its sentencing decision, the court stated on the record that it had considered the oral statements made at the sentencing hearing, the victim impact statement, the presentence investigation report, and letters written on appellant's behalf. The court also stated that it considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness of appellant's conduct, recidivism factors relevant to appellant's offenses, and the need for deterrence, incapacitation, and rehabilitation.
 {¶ 15} The court continued by reading aloud the overriding purposes of felony sentencing as stated in R.C. 2929.11, which are to protect the public from future crime and to punish the offender. After discussing the presumption in favor of prison, the court proceeded to discuss the facts surrounding appellant's offenses. While acknowledging that appellant did not have a prior criminal record and that appellant had acknowledged his guilt, the court stressed the very serious nature of appellant's conduct. After discussing the need to deter appellant from further criminal conduct, to protect the public from future criminal conduct, and to send a signal to other rapists, the court sentenced appellant to three, three-year prison terms.
 {¶ 16} The court then read aloud the statutory factors it was required to consider with respect to consecutive sentences. After discussing the statutory factors, the court stated the following:
 {¶ 17} "As the Court looks at these actions of you and the opportunity that you had to reflect upon what you did, upon the fact that they occurred at different times. The fact that there are three separate victims here, it would — to me, and this isn't necessarily statutory language, but it would demean the seriousness of your misconduct if I were to impose concurrent sentences in this case. The harm, it seems to me, caused by each of your separate rape offenses with three separate young boys is so great and so unusual that no single prison term for any of those offenses that you committed would adequately reflect under the totality of the circumstances the seriousness of your misconduct."
 {¶ 18} The court continued as follows: "Again, I repeat, your conduct points to three separate offenses, three separate victims, and three separate sentences in this Court's view are appropriate. The harm caused by these multiple offenses again is so unusual, so great that no single prison term would adequately reflect the seriousness of your misconduct. So I am going to order, based upon these factors, to punish you, to reflect the seriousness of your misconduct and find that it is not disproportionate to impose consecutive sentence[s] for three separate rapes. While I am imposing the minimum term on each of these which I think is appropriate, I do believe since you had three victims in this case, that consecutive sentences are appropriate."
 {¶ 19} We find that the common pleas court adequately gave its reasons for imposing consecutive sentences. With respect to its R.C.2929.14(E)(4)(b) finding, the court emphasized the very serious harm done by appellant in that he raped three separate victims, all young boys. The court also stated that the offenses occurred at different times, and that appellant had time to reflect upon his actions after each episode. After reviewing the entire record and considering the relevant statutory factors, the court determined that the harm caused by appellant's conduct was so great or unusual that no single prison term for any of the offenses would adequately reflect the seriousness of appellant's conduct.
 {¶ 20} We have reviewed the record and find that the common pleas court's sentencing decision is supported by the record and not contrary to law. The court made the required findings and sufficiently gave the reasons for those findings on the record at the sentencing hearing. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 21} Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.